ARNOLD ET AL. *v.* NORTH CAROLINA.

No. 572. Argued March 26, 1964.—Decided April 6, 1964.

*J. Harvey Turner* and *Fred W. Harrison* argued the cause and filed a brief for petitioners.

*Ralph Moody,* Deputy Attorney General of North Carolina, argued the cause for respondent. With him on the brief was *T. W. Bruton,* Attorney General of North Carolina.

PER CURIAM.

The petitioners, Arnold and Dixon, were found guilty of murder by a jury and their convictions were affirmed, the Supreme Court of North Carolina concluding that they had not made out a case of systematic exclusion of Negroes from the grand jury which returned the indictment. 258 N. C. 563, 129 S. E. 2d 229. In support of their motion to quash the indictment because of consistent exclusion of Negroes from grand jury service, petitioners,

both Negroes, offered testimony of the county tax supervisor showing that the tax records of the county, on which Negro and white persons are listed separately and from which the names of jurors are derived, revealed 12,250 white persons and 4,819 Negroes in the county, with 5,583 white men and 2,499 Negro men listed for poll tax. In addition, the clerk of the trial court testified that while there have been as many as four or five Negroes upon the regular jury panel from which grand jurors have been chosen, in his 24 years as clerk he could remember only one Negro serving on a grand jury, another having been selected but excused. This evidence was uncontradicted, the State cross-examining the witnesses but offering no evidence.

The judgment below must be reversed. The "testimony in itself made out a *prima facie* case of the denial of the equal protection which the Constitution guarantees." *Norris* v. *Alabama,* 294 U. S. 587, 591. The situation here is quite like that in *Eubanks* v. *Louisiana,* 356 U. S. 584, 586, where systematic exclusion of Negroes from grand jury duty was found. In that case:

"Although Negroes comprise about one-third of the population of the parish, the uncontradicted testimony of various witnesses established that only one Negro had been picked for grand jury duty within memory. . . . From 1936, when the Commission first began to include Negroes in the pool of potential jurors, until 1954, when petitioner was indicted, 36 grand juries were selected in the parish. Six or more Negroes were included in each list submitted to the local judges. Yet out of the 432 jurors selected only the single Negro was chosen."

See also *Hernandez* v. *Texas,* 347 U. S. 475.