**Sandy Lee McNEIL**

v.

**STATE OF NORTH CAROLINA and Major William C. Brown.**

**Civ. No. 1802.**

United States District Court
E. D. North Carolina,
Raleigh Division.

Dec. 27, 1965.

Sandy Lee McNeil, pro se.
No (habeas corpus petition) attorney for respondents.

BUTLER, Chief Judge.

This application for habeas corpus by a state prisoner presents the question whether a state court conviction can be collaterally attacked on the ground of unconstitutional racial discrimination in the composition of a jury, when it does not appear that objection was made in the trial court to the systematic exclusion of Negroes.

The facts, appearing from petitioner's application, are these. Petitioner, a Negro, represented by counsel, pleaded not guilty to a charge of burglary at the June 1959 Term of Lenoir County Superior Court. He was convicted by a jury and was sentenced to 33 years in prison. He appealed the conviction to the North Carolina Supreme Court, but the appeal was withdrawn. Later, represented by counsel, he brought a post-conviction proceeding pursuant to N.C.Gen. Stat. §§ 15–217 to 15–222, alleging that his conviction was void because Negroes were systematically excluded from jury service in Lenoir County at the time of his conviction, and relief was denied by the Superior Court of Lenoir County on August 23, 1963. His application for certiorari to the North Carolina Supreme Court was denied on June 14, 1964. Thereafter, petitioner filed application for a writ of habeas corpus in

this court, alleging "exclusion of Negroes from Grand Jury and trial Jury". His petition reads, in pertinent part, as follows:

"Your petitioner was taken into Superior Court, Lenoir County, Kinston, North Carolina, June term 1959 to face justice by the following

"A white judge

"A white solicitor

"A white defense lawyer

"12 white jurors

"133 white spectators, numerous white witnesses to testify against your petitioner; and a few Negro friends of your petitioner to testify in his behalf as to his whereabouts at the time of the alleged crime * * * Could a poor and uneducated Negro receive a fair and impartial trial under these circumstances?"

Petitioner does not allege that any objection was made at the time of trial to the composition of the grand or the petit jury. He complains only that at the time of his trial Negroes were customarily excluded from jury service in Lenoir County.

The question arises whether petitioner has stated grounds for relief in habeas corpus.

 It has long been established that the systematic exclusion of Negroes from a jury is a denial of equal protection of the laws in violation of the fourteenth amendment to the United States Constitution. Strauder v. West Virginia, 100 U.S. 303, 25 L.Ed. 664 (1879), Eubanks v. State of Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991 (1958). Equal protection of the laws does not require a proportional representation of races on a jury, Bailey v. Henslee, 287 F.2d 936 (8 Cir.), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961); nor does it entitle a Negro to a jury containing members of his own race. Swain v. State of Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). The rule is simply that there can be no exclusion because of race. Ex parte State

of Virginia, 100 U.S. 339, 25 L.Ed. 676 (1880).

 In a case decided two years after petitioner's conviction, it was found that there was a practice of systematic exclusion of Negroes from jury duty in the very county where petitioner was convicted. Arnold v. State of North Carolina, 376 U.S. 773, 84 S.Ct. 1032, 12 L.Ed. 2d 77 (1964). But assuming that there was systematic exclusion of Negroes from juries in the county at the time of petitioner's trial, nevertheless the constitutional right to a properly composed jury may be waived in a state court, Carruthers v. Reed, 102 F.2d 933 (8 Cir.), cert. denied, 307 U.S. 643, 59 S.Ct. 1047, 83 L.Ed. 1523 (1939); United States ex rel. Jackson v. Brady, 133 F.2d 476 (4 Cir.), cert. denied, 319 U.S. 746, 63 S.Ct. 1029, 87 L.Ed. 1702 (1943); Morton v. Welch, 162 F.2d 840 (4 Cir.), cert. denied, 332 U.S. 779, 68 S.Ct. 44, 92 L.Ed. 363 (1947); United States v. Sigler, 234 F.Supp. 171 (D.C.La.1964), and likewise in a federal court, Wright v. United States, 165 F.2d 405 (8 Cir. 1948). Failure to object at the trial bars a subsequent collateral attack if the basis for objection is known or might have been discovered by the exercise of reasonable diligence, or if the party is otherwise chargeable with knowledge of the ground for the objection. Batsell v. United States, 217 F.2d 257 (8 Cir. 1954).

 Petitioner and his counsel here should be charged with knowledge of the constitutional prohibition against systematic exclusion if for no other reason than that it has been the law of this land since 1879. See, Strauder v. West Virginia, supra, and Eubanks v. State of Louisiana, 356 U.S. 584, 78 S.Ct. 970 n. 1, 2 L.Ed.2d 991 (1958). If systematic exclusion were the custom in Lenoir County, as petitioner alleges, that fact *should* have been known by petitioner and *must* have been known by his local attorney, neither of whom are alleged to have objected at the trial. Petitioner cannot, therefore, now avoid a waiver on the theory that at the time of trial he had no knowledge of a ground for objection.

In United States ex rel. Jackson v. Brady, 133 F.2d 476, cert. denied, 319 U.S. 746, 63 S.Ct. 1029, 87 L.Ed. 1702 (1943), the Fourth Circuit Court of Appeals was faced with a similar situation where a state prisoner brought habeas corpus to attack, on the ground of racial discrimination, the composition of the grand jury which indicted him and the petit jury which convicted him. There was no showing that petitioner had adequately objected to the composition of the jury at the trial. In holding that the objection was waived, Judge Soper, speaking for the court, said:

"A defendant, especially when represented by counsel, may make a competent and intelligent waiver of a constitutional right binding upon him.[1] * * * It is sufficient to say that the objection of racial discrimination was raised so inadequately in the Criminal Court of Baltimore by the petitioners here, that in effect it was not raised at all and was therefore waived." 133 F.2d at 481–482.

In United States v. Sigler, D.C., 234 F.Supp. 171, petitioner brought habeas corpus to attack the composition of the petit jury at his trial in 1953. He previously had attacked the composition of the grand jury that returned the indictment in his case, but both the Louisiana Supreme Court, State v. Labat, 226 La. 201, 75 So.2d 333 (1954), and the United States Supreme Court, Michel v. State of Louisiana, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83 (1955), rehearing denied, 350 U.S. 955, 76 S.Ct. 340, 100 L.Ed. 831 (1956), denied relief on direct review. When petitioner brought habeas corpus attacking the composition of the petit jury, the district court in denying the petition, said:

"First of all, when the United States Supreme Court in 1955 refused to set aside the convictions and sentences based upon petitioners' contentions that the grand jury which had indicted them was improperly constituted, it based its judgment on the fact that under Louisiana law, LSA–R.S. 15:202, all objections to the manner of selecting or drawing any juror or jury, or to any defect or irregularity that could be pleaded against any array or venire must be filed, pleaded, heard, or urged before the expiration of the third judicial day of the term for which said jury shall have been drawn, or before entering upon the trial of the case if it be begun sooner and that if such objections are not made, all such objections shall be considered as waived.[2] No such objection was made by petitioners to either the composition of the grand jury or the petit jury within the time allowed by Louisiana law. In the course of its opinion, the United States Supreme Court said:

'It is beyond question that under the Due Process Clause of the Fourteenth Amendment Louisiana may attach reasonable time limitations to the assertion of federal

---

**1.** For cases holding that constitutional rights may be waived, see for example: Barkman v. Sanford, 162 F.2d 592 (5 Cir.), cert. denied, 332 U.S. 816, 68 S.Ct. 155, 92 L.Ed. 393 (1947) (indictment by a grand jury for a felony or infamous crime); McCranie v. United States, 333 F.2d 307 (5 Cir. 1964) (trial by jury); Howard v. Commonwealth of Kentucky, 200 U.S. 164, 26 S.Ct. 189, 50 L.Ed. 421 (1906) (presence at selection of jurors); Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912) (presence during trial and confrontation of witnesses); Williams v. Steiner, 213 F. Supp. 600 (D.C.Md.1963) (exclusion of evidence illegally obtained); Escobedo v. State of Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977 (1964) (privilege against self-incrimination and right to counsel); Caldwell v. Hunter, 163 F. 2d 181 (10 Cir.), cert. denied, 333 U.S. 847, 68 S.Ct. 649, 92 L.Ed. 1130 (1947) (presence of counsel at sentencing).

**2.** The rule in North Carolina is that objections to the jury are waived if not timely presented at the trial. State v. Ward, 9 N.C. 443 (1823), Briggs v. Byrd, 34 N.C. 377 (1851), State v. Lambert, 93 N.C. 618 (1885), State v. Levy, 187 N.C. 581, 122 S.E. 386 (1924).

constitutional rights. \* \* \* "No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right." \* \* \* Poret's case affords a perfect illustration of the necessity for prompt determination of claims such as he raises here. Five years have now elapsed since the crime was committed, and the delay has been largely caused by Poret's own actions. Even if available, and memory permitted, the victim and chief witness would be reluctant to retell the sordid story of her unfortunate experience. Poret's conviction by a petit jury whose composition he did not attack has been affirmed by Louisiana's highest court and no constitutional challenge is made here to the fairness of that trial.' Michel v. State of Louisiana, supra. [350 U.S. 91, 97, 76 S.Ct. 158, 162 [100 L.Ed. 83]]

"We are now faced with a claim by petitioners fourteen years after the commission of the crime that the petit jury was improperly constituted. Surely the reasoning of the Supreme Court in this case in 1955 is equally applicable in the same case today. Petitioners were afford-ed reasonable opportunity by Louisiana law to make objections to the manner of selecting and drawing both the grand jury and the petit jury. They failed to make such objection timely, and hence, as previously decided by the United States Supreme Court in this very case, they are now deemed to have waived those objections. If for no other reason, based upon the ruling of Michel v. State of Louisiana, supra, the writs herein prayed for should be denied. \* \* \* " 234 F.Supp. at 174–175.

■ The case before us is distinguishable from Henslee v. Stewart, 311 F.2d 691 (8 Cir.), cert. denied, 373 U.S. 902, 83 S.Ct. 1289, 10 L.Ed.2d 198 (1963), and Bailey v. Henslee, 287 F.2d 936 (8 Cir.), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). In each of those cases, the petitioner in habeas corpus had objected in the trial court to alleged jury discrimination. The objections were overruled and the Supreme Court of Arkansas affirmed the convictions. The United States Supreme Court denied certiorari. In the subsequent habeas corpus proceedings, relief was granted when it appeared that the state court had erroneously ruled on the federal constitutional question upon petitioners' timely objections. There was no waiver, as here; indeed, the petitioners employed every available state device to challenge the jury. It is a fundamental of federal jurisdiction that federal constitutional questions, erroneously resolved against petitioners in a state court, are cognizable in habeas corpus. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Here there was no resolution in the trial court because petitioner raised no objection.

The Court of Appeals for the Fifth Circuit has recently held that the systematic exclusion of Negroes from a grand and petit jury may be attacked in federal habeas corpus notwithstanding a failure to object at the trial. Cobb v. Balkcom, 5 Cir., 339 F.2d 95 (1964). The court there relies on the classic definition of waiver enunciated in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466, 146 A.L.R. 357—"an intentional relinquishment or abandonment of a known right or privilege"—in concluding that failure to object did not constitute a waiver of the constitutional right.

Our research does not show that the United States Supreme Court or any of the Courts of Appeal, other than that of the Fourth Circuit, have passed on the precise point since the Johnson case. In the case from this Circuit, United States ex rel. Jackson v. Brady, supra, the court

cited the Johnson case but said nevertheless:

> "The facts presented to the district court on hearing on habeas corpus were not hidden or unknown at the time of the trial in the Criminal Court. * * * and the failure of experienced counsel, for reasons of their own, to offer the necessary proof to support the charge [of systematic exclusion] was as deliberate and effective a waiver as if the point had not been made at all." 133 F.2d at 481.

We deem the Brady case to enunciate the law applicable to this case.

Justice Harlan's dissent in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), bears precisely on the problem raised here. In an analysis of the powers of the Supreme Court on direct review, and of a federal district court on habeas corpus, he poses the hypothetical case:

> "* * * [Assume] a man is indicted and held for trial in a state court, by a grand jury from which members of his race have been systematically excluded. Assume further that the State requires any objection to the composition of the grand jury to be raised prior to the verdict, that no such objection is made, and that the defendant seeks to raise the point for the first time on appeal from his conviction. If the state appellate court refuses to consider the claim because it was raised too late, and if certiorari is sought and granted, the initial question before this Court will be whether there was an adequate state ground for the judgment below. If the petitioner was represented by counsel not shown to be incompetent, and if the necessary information to make the objection is not shown to have been unavailable at the time of trial, it is certain that the judgment of conviction will stand, despite the fact the indictment was obtained in violation of the petitioner's constitutional rights." 372 U.S. at 463–464, 83 S.Ct. at 862.

Justice Harlan further hypothesizes:

> "* * * [Assume] the prisoner seeks habeas corpus in a Federal District Court, again complaining of the composition of the grand jury that indicted him. Is that federal court constitutionally more free than the Supreme Court on direct review to 'ignore' the adequate state ground, proceed to the federal question, and order the prisoner's release? The answer must be that it is not." 372 U.S. at 468–469, 83 S.Ct. at 864.

The disruptive effect of collaterally attacking longstanding state court convictions on federal constitutional grounds was most recently discussed by the Supreme Court in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), where the Court noted that the conviction under attack might have resulted notwithstanding the admission of evidence complained of in habeas corpus. A different result would not be assured in a new trial, which the Court refused to grant.

Similarly, even if petitioner here had successfully objected to the jury panels, he would not have been assured of members of his own race on either the grand or petit juries. Swain v. State of Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). If Negroes had been called to sit on the petit jury, petitioner would not be deprived of a constitutional right by the State's use of peremptory challenges to excuse Negroes from the jury. United States ex rel. Dukes v. Sain, 297 F.2d 799 (7 Cir.), cert. denied, 369 U.S. 868, 82 S.Ct. 1035, 8 L.Ed.2d 86 rehearing denied, 370 U.S. 920, 83 S.Ct. 1558, 8 L.Ed.2d 500 (1962). Just as the illegally admitted evidence in Linkletter "may well have had no effect on the outcome", Linkletter v. Walker, 85 S.Ct. at 1743, so here the petitioner might perforce have found himself before an all white jury even had the mandate of Strauder been followed.

For the foregoing reasons, it is ordered that petitioner's application for a

writ of habeas corpus be and it is hereby denied.

It is further ordered that petitioner be allowed to file his application, without prepayment of cost, with the clerk of this court for the purpose of the record only.