George **DIXON**, Petitioner,

v.

**R. L. TURNER, Warden, and the State of North Carolina, Respondents.**

**Civ. A. No. 1871.**

United States District Court
E. D. North Carolina,
Raleigh Division.

July 23, 1966.

No attorney for petitioner.

T. Wade Bruton, Atty. Gen. of North Carolina, Raleigh, N. C., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge, sitting by designation.

This cause comes before the Court upon a petition for writ of habeas corpus, filed *in forma pauperis*, by a State prisoner pursuant to the provisions of Title 28 U.S.C. § 2254. Issues have been joined by the respondent who has filed Answer to Petition and a Motion to Dismiss.

The petitioner and one Jessie James Arnold, both negroes, were tried in December of 1961 in the Lenoir County Superior Court on a charge of first-degree murder. They were found guilty and sentenced to death. This conviction was affirmed on appeal to the Supreme Court of North Carolina. They then petitioned the Supreme Court of the United States for a writ of certiorari, which Court reversed their convictions on the ground that it had been shown that negroes were systematically excluded from serving on grand juries in Lenoir County.

At the August 1964 term of the Superior Court of Lenoir County a grand jury again indicted Dixon and Arnold, charging them with the same offense and in the same language as before. The defendants pleaded guilty and were sentenced to life imprisonment. Dixon filed a petition for writ of certiorari in the Supreme Court of North Carolina which was denied in February of 1965. He then petitioned the Superior Court of Lenoir County for a Post-Conviction Hearing, but this petition was denied on November 24, 1965.

This petition was filed on June 7, 1966. In it the petitioner states that his constitutional rights were violated for the following reasons:

Arrest warrant was insufficient and vague as to cause and manner of death.

Indictment was insufficient as it did not state manner of death or weapons used.

Double jeopardy on capital crime and exclusion of my race on jury.

It is further alleged that the plea of guilty was not a voluntary one.

■ Petitioner's contention that the warrant and indictment were insufficient is plainly without merit. Both the warrant and indictment appear to be proper in all respects. Moreover, the question of a defect in a warrant or bill of indictment is not one properly before this Court in a habeas corpus proceeding unless the alleged defect is one which, if present, would go to the jurisdiction of the Superior Court to try the petitioner. Petitioner alleges no such defect. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036 (1925); Underwood v. Bomar, 335 F.2d 783 (6th Cir. 1964); Pruitt v. Skeen, 118 F.Supp. 240 (N.D.W.Va.1953).

■ Petitioner's allegation that his second trial raises the question of double jeopardy is also without merit. He sought review of his first trial in the Supreme Court of the United States, and that Court found that his constitutional rights had been abridged due to the fact that members of his race had been systematically excluded in the past from grand juries in Lenoir County. However this does not preclude the State from again trying the petitioner for the same offense. The Supreme Court relied on the decision in Eubanks v. State of Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991 (1956) when it decided the petitioner's case. In Eubanks the Supreme Court specifically recognized the right of the State to again try a petitioner who was successful in his effort to have his case overturned on appeal. It is clear that a second trial by the State, conforming to the constitutional requirements set forth by the Supreme Court, would not violate the petitioner's right not to be twice subjected to trial for the same offense. See Petitioner's case reported as Arnold v. North Carolina, 376 U.S. 773, 84 S.Ct. 1032, 12 L.Ed. 2d 77 (1964), citing Eubanks v. State of Louisiana, supra.

■ As to the question of whether the plea of guilty was voluntary and with full knowledge of the consequences of making it, there is little doubt that the petitioner's rights were not violated in

any manner when he entered this plea. This is readily apparent from an examination of the record, especially that part of the record which reports the examination of the petitioner in open court at the second trial on the question of the nature of his plea to have been as follows:

At this time, the Court requested the defendant, George Dixon, to stand and the Court asked the following questions and the defendant, George Dixon, answered as follows:

Q. George Dixon, do you understand that you have signed a plea of "Guilty to the crime of murder in the first degree?"

A. Yes, sir.

Q. Do you know what that plea means?

A. Yes, sir.

Q. Do you understand that you will be sentenced to life imprisonment on that plea of Guilty?

A. Yes, sir.

Q. And is the plea entered by you with that understanding, and with your consent and approval?

A. Yes, sir.

The petitioner has no basis at all for now asserting that this plea was not in fact made as indicated above.

■■ The petitioner's last allegation of any weight at all is that members of his race were excluded from the jury. There were in fact two members of his race on the grand jury, but the petitioner contends that his county has a negro population of 40% and that the presence of only two negroes on the grand jury made it "a stacked deck." This Court knows of no requirement that the composition of the grand jury be governed by the ratio that the petitioner's race bears to the total population of the county, the only requirement being that members of his race not be systematically excluded from service on the grand jury. And the fact that two members of the petitioner's race were on the jury shows plainly that the petitioner's rights were not abridged in this respect.

Nothing else appears in the petition to indicate that any constitutional rights of the petitioner have in any way been violated.

Therefore, it is hereby adjudged and ordered that the petition for a writ of habeas corpus be, and the same is hereby denied. It is further ordered that the respondent's Motion to Dismiss be, and the same is hereby allowed. A certified copy of this opinion and judgment is directed to be sent to petitioner and to each of the respondents.