542

Albert TURNER et al., Plaintiffs,
and
United States of America, by Nicholas de B. Katzenbach, Attorney General, Plaintiff-Intervenor,

v.

V. K. SPENCER, Robert Woodson and C. C. Hughey, as members of the Jury Commission of Perry County, Alabama, and each of their successors in office, Defendants.

Lewis BLACK et al., Plaintiffs,
and
United States of America, by Nicholas de B. Katzenbach, Attorney General, Plaintiff-Intervenor,

v.

Clarence CURB, Allen Thomas, and Martin Luther Mills, as members of the Jury Commission of Hale County, Alabama, and each of their successors in office, Defendants.

Jack McNEIR et al., Plaintiffs,
and
United States of America, by Nicholas de B. Katzenbach, Attorney General, Plaintiff-Intervenor,

v.

Carl AGEE, S. C. Capell and Fred Bain Henderson, as members of the Jury Commission of Wilcox County, Alabama, and each of their successors in office, Defendants.

Civ. A. Nos. 3871–65, 3872–65, 3945–65.

United States District Court
S. D. Alabama, N. D.
Nov. 30, 1966.

Charles Morgan, Jr., Atlanta, Ga., Orzell Billingsley, Jr., Birmingham, Ala., Melvin L. Wulf, New York City, for plaintiffs.

John Doar, Asst. Atty. Gen., Frank M. Dunbaugh, Dept. of Justice, Washington, D. C., Charles Quaintance, Selma, Ala., George G. Rayborn, Jr., Dept. of Justice, Washington, D. C., for intervenor.

Richmond M. Flowers, Atty. Gen., Robert P. Bradley, Asst. Atty. Gen., Leslie Hall, Asst. Atty. Gen., W. B. Ar-

buthnot, County Sol., Perry County, Marion, Ala., Richard H. Poellnitz, County Sol., Hale County, Greensboro, Ala., for defendants.

Pitts & Pitts, Selma, Ala., and Virgis Ashworth, Centreville, Ala., for L. S. Moore, Judge Fourth Judicial Circuit.

DANIEL HOLCOMBE THOMAS, Chief Judge.

### STATEMENT OF THE CASE

Each of these cases is a class action brought by Negro citizens residing in Hale, Wilcox and Perry Counties, Alabama, against the members of the jury commission in the respective counties. The plaintiffs allege that the defendants have systematically excluded Negroes from jury service. The United States of America, pursuant to Title 42, Section 2000h–2, United States Code, and Rule 24(b) of the Federal Rules of Civil Procedure, intervened as a plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The existence of a pattern and practice of exclusion of Negroes from jury service in the counties is virtually uncontroverted. The court does not deem it necessary to belabor this issue with a wealth of statistical data.

The applicable law is equally clear and uncontroverted on the constitutional issue. The cases holding the exclusion of Negroes from jury service to be unconstitutional under the Due Process clause or the Equal Protection clause are legion. See Strauder v. State of West Virginia, 100 U.S. 303, 25 L.Ed. 664 (1880) (Negroes prohibited by statute); Neal v. State of Delaware, 103 U.S. 370, 26 L.Ed. 567 (1881) (No Negroes for jury service); Bush v. Commonwealth of Kentucky, 107 U.S. 110, 1 S.Ct. 625, 27 L.Ed. 354 (1883) (Negroes prohibited by statute); Norris v. State of Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074 (1935) (No Negroes called within memory); Hollins v. State of Oklahoma, 295 U.S. 394, 55 S.Ct. 784, 79 L.Ed. 1500 (1935) (No Negroes called for jury service); Hale v. Commonwealth of Kentucky, 303 U.S. 613, 58 S.Ct. 753, 82 L.Ed. 1050 (1938) (No Negroes called for 30 years); Pierre v. State of Louisiana, 306 U.S. 354, 59 S.Ct. 536, 83 L.Ed. 757 (1939) (One Negro called within memory); Smith v. State of Texas, 311 U.S. 128, 61 S.Ct. 164, 85 L.Ed. 84 (1940) (Eighteen Negroes called in 7 years); Hill v. State of Texas, 316 U.S. 400, 62 S.Ct. 1159, 86 L.Ed. 1559 (1942) (No Negroes called for 16 years); Patton v. State of Mississippi, 332 U.S. 463, 68 S.Ct. 184, 92 L.Ed. 76 (1947) (Three Negroes called in 30 years); Cassell v. State of Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839 (1950) (Twenty-one Negroes served in 6 years); Hernandez v. State of Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954) (No Mexicans served for 25 years); Reece v. State of Georgia, 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77 (1955) (Six Negroes called in 18 years); Eubanks v. State of Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed. 2d 991 (1958) (One Negro served in 18 years); Arnold v. North Carolina, 376 U.S. 773, 84 S.Ct. 1032, 12 L.Ed.2d 77 (1964) (One Negro served in 24 years).

The greatest divergence of opinion is found in the method of enforcement of these constitutional mandates.

The court has reviewed similar cases and has found the form of relief to be composed of two categories. The chief difference lies in the latitude of responsibility which is given to the jury commissioners in the application of the "subjective" standards required by Alabama law. The jury commission shall place on the jury roll "the names of all citizens of the county who are generally reputed to be honest and intelligent and are esteemed in the community for their integrity, good character, and sound judgment." Title 30, Sec. 21, Code of Alabama, (as amended by Act No. 285, Special Session 1966). Obviously, there is room for arbitrary refusal to include certain names in the jury box under the guise of enforcement of the above-quoted provision. Rather than strip all such responsibility from the jury commissioners, this court will admonish the defendant commission-

ers that it stands ready to take such action, if the responsibility and trust herein reposed is abused.

■ The relief to be afforded in these cases will involve not only the issuance of a prohibitory injunction, but an injunction requiring immediate affirmative action by the jury commissioners by their emptying the Hale, Wilcox and Perry county jury boxes and abandoning the present jury roll without any further use of either, and by their compiling a jury roll and refilling the jury box in strict accordance with the law of Alabama and the constitutional principles herein set forth. This court recognizes that it does not sit to enforce the law of the State of Alabama. However, where the guaranties as set forth by the Constitution of the United States have been violated, it is appropriate, in fashioning relief, for the court to let its decree recognize the validity of the law of the State of Alabama as much as is practicable and consistent with the object of eliminating discrimination in the jury selection system. In remedying the wrong found by this court to exist concerning the exclusion of Negroes from jury service, the defendants are cautioned that if they apply Alabama's qualifications for jury service—particularly that qualification relating to good character and sound judgment and that qualification concerning the requirement that prospective jurors be able to read English—these qualification requirements must be imposed fairly and objectively and administered to all, regardless of race, in a nondiscriminatory manner. This court recognizes the practical difficulties which will be faced by the jury commission in putting into the jury box the name of every qualified juror, and further recognizes that the law of Alabama does not require, literally, that *every* qualified person's name be placed on the rolls or in the box. However, the law does require that the jury commissioners not place so few names in the jury box as not to obtain a full cross-section of the county.

Failure on the part of the defendant jury commissioners and the defendant jury commission clerks to comply immediately and in good faith with the requirements of this opinion and order will necessitate the appointment by this court of a master or panel of masters to recompile the jury roll and to empty and refill the jury boxes. This action, if it becomes necessary, would be only for the purpose of having the requirements of the law fulfilled. Since the defendant jury commissioners and the defendant jury commission clerks are already charged with this duty—by both the Alabama law and the requirements of the United States Constitution—such action by this court should not be necessary.

## ORDER

It is ordered, adjudged and decreed that the jury rolls and jury boxes of Hale, Perry and Wilcox Counties, as those rolls and boxes are presently constituted, are illegal and violative of the constitutional rights of the plaintiffs and all others similarly situated.

It is further ordered that said jury boxes be emptied forthwith and shall be refilled, according to the applicable provisions of the Alabama law and the opinion entered herein by no later than thirty days from this date.

It is further ordered that the defendant jury commissions and clerks thereof, their agents, officers, employees, successors in office, and all persons in active concert with them, be and each is hereby restrained and enjoined from engaging in any act or practice which involves or results in discrimination by reason of race or color in the selection of jurors for jury service in Hale, Perry, and Wilcox Counties.

Upon the refilling of the jury box in each county, it is ordered that a report be filed with the court and said report shall contain the number of names in the jury box, and a statistical breakdown by race and sex.

This court retains jurisdiction of this matter.