Willie **PORTER**, Appellant,

v.

DeWitt **SINCLAIR**, Warden, Florida State Prison, Appellee.

No. 24454.

United States Court of Appeals
Fifth Circuit.

Dec. 15, 1967.

Richard Kanner, Miami, Fla., Norman C. Amaker, James M. Nabrit, III, New York City, for appellant.

George R. Georgieff, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before TUTTLE and WISDOM, Circuit Judges, and HEEBE, District Judge.

TUTTLE, Circuit Judge:

Appellant Willie Porter is an indigent Negro confined in Florida State Prison under sentence of death for the crime of murder. His alleged victim was his mother-in-law. This is an appeal in forma pauperis from the district court's denial without a hearing of appellant's petition for writ of habeas corpus.

The appellant, through appointed counsel, prior to his state court trial, filed a motion to quash the venire from which the Grand Jury which indicted him was picked on the ground of systematic exclusion of Negroes in Martin County, Florida. In support of his motion, he proved the statistics with respect to one year only, the year of the indictment and trial. At that time, the Florida law required that jurors be selected from the voting registrars' books. The registrars' books indicated white and Negro registrants by race.

The statistics proved were that there were 7,608 registered voters in Martin County; of this number 740 were Negro and 6,868 were white. Thus, Negroes comprised 9.7% of the voters. The current jury list contained 1,308 names, of which only sixteen were Negro and 1,292 were white. The population of Martin County was divided 13,513 white and 3,392, or approximately 20%, Negro.

The testimony supporting these statistics showed that in one precinct, containing 170 Negro registered voters, not a single Negro was chosen for the jury list, and from another precinct made up entirely of Negro voters, 164 altogether, only three were chosen for the jury list.

In view of the state law permitting the jury commissioners to use certain subjective standards for jury selection and in view of the fact that the testimony introduced did not show how many of the Negro registered voters were women who had not volunteered to serve (such volunteering being necessary under the Florida law for jury service), the trial court held that the movant failed to carry the burden of establishing his contention that there was a systematic exclusion of Negroes from the jury panel. This judgment was affirmed on appeal by the Florida Supreme Court, Porter v. State, 160 So.2d 104, based largely upon the failure to establish what number of registered voters were women who might have failed to volunteer for service.

Upon denial of his petition for certiorari in the United States Supreme Court, 379 U.S. 849, 85 S.Ct. 90, 13 L.Ed.2d 52, appellant filed his petition for writ of habeas corpus in the district court for the Middle District of Florida, alleging that if the evidence supplied in the state court was not adequate, he stood ready to furnish additional statistics for several years, demonstrating the alleged fact of voluntary and systematic exclusion of Negroes from Martin County juries.

The trial court first overruled the state's motion to dismiss the petition on the ground that appellant had failed to exhaust his state remedies. We approve this course because as stated by the district court, "The question of discrimination in the selection of a petit jury as well as in the selection of the grand jury were properly raised in the state court and state remedies with respect thereto have been exhausted. See Brown v. Allen, 334 [344] U.S. 443 [73 S.Ct. 397, 97 L.Ed. 469].

With respect to the merits, however, we find it necessary to disagree with the trial court in denying the application for the writ without a hearing. The trial court found only that, "No systematic exclusion of persons of the Negro race in the selection of either the grand or petit jury in Martin County, Florida, *was demonstrated in the state court proceedings.* The only showing was of disproportionate representation of members of the white and Negro races. The mere fact of inequality in the number selected from the two races is insufficient to demonstrate discrimination. Atkins [Akins] v. [State of] Texas [325 U.S. 398, 65 S.Ct. 1276], 89 Law Ed. [1692] 1696." (Emphasis added.)

In the first place, the denial of a hearing in federal habeas corpus cannot be based upon what was or was not proved to the satisfaction of the state court, when a constitutional ground for relief is asserted. Under the principle announced by the United States Supreme Court in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, the habeas corpus court may not rely on a state court record where, "the material facts were not adequately developed at the state-court hearing." Here, the appellant alleged basic facts necessary to entitle him to relief if the facts were established to the satisfaction of the habeas corpus court. Further, he described the nature of the evidence he proposed to offer to the court to establish the allegation. It was error for the trial court to dismiss the writ without a hearing under such circumstances.

In the second place, the court has repeatedly said that while, "the mere fact of inequality in the number selected from the two races is insufficient to demonstrate discrimination," the fact of gross inequality is sufficient to cast a burden on the state to prove that such gross disproportion is not the result of discrimination. See Scott v. Walker, 5 Cir., 358 F.2d 561, 568 and the cases discussed therein.

The disproportion here between the number of the Negroes' names on the jury list for the term for the year 1962, as compared with the Negro population of the county, was gross indeed. A serious question would be present whether this would not of itself be sufficient to require a counter-showing by the state. However, appellant says that he stands ready to show that the same or similar conditions were present in other years. Thus, we do not need to determine whether the disparity shown for the single year was sufficient to have required the state to produce proof to meet that introduced by the defendant on the motion to quash in the state court.

The judgment of the trial court is reversed and the case is remanded for a hearing and for further proceedings not inconsistent with this opinion.