EVOLA *v.* UNITED STATES.

No. 194.   Decided October 21, 1963.*

*Maurice Edelbaum* for petitioner in No. 194.   *Herbert S. Siegal* for petitioner in No. 195.   *Edward Bennett Williams* and *Wilfred L. Davis* for petitioner in No. 196. *Wilfred L. Davis* for petitioner in No. 197.   *Allen S. Stim* for petitioners in No. 149, Misc.   *Robert S. Carlson* for petitioner in No. 224, Misc.   Petitioners *pro se* in Misc. Nos. 79, 80 and 115.

*Solicitor General Cox, Assistant Attorney General Miller, Beatrice Rosenberg* and *Richard W. Schmude* for the United States.

PER CURIAM.

The petitions for writs of certiorari in Nos. 194, 195, 196 and 197, and the motions for leave to proceed *in forma pauperis,* as well as the petitions for certiorari in No. 79, Misc., No. 80, Misc., No. 115, Misc., No. 149, Misc., and No. 224, Misc., are granted.

The judgment of the Court of Appeals for the Second Circuit is vacated and the cases are remanded to that

---

*Together with No. 195, *Santora* v. *United States;* No. 196, *Genovese* v. *United States;* No. 197, *Gigante* v. *United States;* No. 79, Misc., *DiPalermo* v. *United States;* No. 80, Misc., *DiPalermo* v. *United States;* No. 115, Misc., *Mazzie* v. *United States;* No. 149, Misc., *Polizzano et al.* v. *United States,* and No. 224, Misc., *Barcellona* v. *United States,* also on petitions for writs of certiorari to the same Court.

court for reconsideration in light of *Campbell* v. *United States,* 373 U. S. 487, and for such further consideration as may be appropriate.

MR. JUSTICE CLARK, with whom MR. JUSTICE HARLAN and MR. JUSTICE WHITE join, concurring in part and dissenting in part.

I realize, of course, that in remanding these cases the Court neither decides that *Campbell* governs nor implies how the Court of Appeals should decide them. Nevertheless, I would grant the petitions for certiorari and set these cases for argument, since it is my feeling that it is futile to remand "for reconsideration in light of *Campbell* v. *United States,* 373 U. S. 487."

Although these cases were decided prior to *Campbell,* the Court of Appeals' disposition has support in the record and is worthy of argument.* All the evidence before the District Court was documentary and the Court of Appeals was therefore correct in making factual determinations on the basis of such evidence.

---

*I deem plenary consideration here preferable to this remand because the delineation of the limits of the Jencks Act has been peculiarly the province of this Court. The remand will merely delay a final decision which could be made on the record now before the Court and the identical record will no doubt return here no matter what determination is made by the Court of Appeals.

While the Government accepts the District Court's finding that the Shaw notes should have been produced under 18 U. S. C. § 3500, this does not relieve the courts of the obligation to examine independently the error confessed. *Gibson* v. *United States,* 329 U. S. 338, and *Young* v. *United States,* 315 U. S. 257.