**UNITED STATES of America,
Appellee,**

v.

**David LAMMA, Appellant.**

**No. 545, Docket 29191.**

United States Court of Appeals
Second Circuit.

Argued June 21, 1965.

Decided Aug. 4, 1965.

Werner L. Polak, New York City (J. Robert Lunney, New York City, on the brief), for defendant-appellant.

Robert J. McGuire, Asst. U. S. Atty., Southern Dist. of New York (Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, and Peter E. Fleming, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE and ANDERSON, Circuit Judges, and LEVET, District Judge.*

ANDERSON, Circuit Judge.

The question presented on this appeal concerns the interpretation and application of the Jencks Act, Title 18 U.S.C. § 3500.

The case arose out of an investigation of suspected illicit traffic in narcotics in the vicinity of 45 East 135th Street in New York City on September 7, 1961. The appellant, Lamma, Bernard Shelton, a co-defendant in the indictment, and another man were under surveillance. Two narcotics agents saw the three men take a taxicab to the Grampion Hotel, near 119th Street and St. Nicholas Avenue, and enter the hotel. Shortly thereafter Shelton left the hotel and walked to a grocery store where the agents conversed with him. The two agents and Shelton then returned to the hotel and entered the room where Shelton and his wife lived. Present were Shelton's wife, Lamma and one Anthony Graham. There were two glassine envelopes, containing narcotics, on the dresser. The three men were arrested and on September 27, 1961, were indicted in two counts; the first charged substantive narcotics offenses under Title 21 U.S.C. §§ 173 and 174 and the second charged the same accused with conspiring to violate federal narcotics laws.

The charges against Shelton were severed prior to trial and he testified as a government witness against the other two in the trial itself. At the close of the government's case the court dismissed the conspiracy count. At the completion of the trial the court found both Lamma and Graham guilty on the first or substantive count and both were sentenced to the five year minimum.

At the close of the direct examination of Shelton as a witness in the presentation of the government's case, defense counsel invoked the Jencks Act by requesting a statement in the government's possession which related to the subject matter of the witness' testimony. The government turned over to the defense a "question and answer" statement by Shelton, but refused to turn over certain handwritten notes of the Assistant United States Attorney, made at the time of his interview with Shelton, on the ground that they did not constitute material required to be produced under the Jencks Act. The Assistant U. S. Attorney contended that the notes were only an outline

---

* Of the Southern District, sitting by designation.

of what the witness told him during the course of preparing the witness for trial. The court, after inspecting the notes, agreed, and rejected the argument of defense counsel that the notes were a substantially verbatim recital of an oral statement, made by a witness who has testified at a trial, and recorded contemporaneously with the making of such oral statement, and thus within the purview of subsection (e) (2) of the Act. The court did not explore further into the background circumstances of the making of the notes. The matter was then dropped.

■ Lamma claims in this appeal that the court erred in failing to conduct a *voir dire* inquiry to determine whether the notes constituted a "statement" as defined in subsection (e) of Title 18 U.S. C. § 3500.[1] We hold that Judge Murphy did not abuse his discretion and committed no error in denying defendant's motion for production of the notes without a formal *voir dire*.

■ In Palermo v. United States, 360 U.S. 343, 358–360, 79 S.Ct. 1217, 3 L. Ed.2d 1287 (1959) (Appendix B) the Supreme Court canvassed the legislative history relevant to a proper construction of subsection (e) and concluded with respect to (e) (2) that it encompassed more than automatic reproductions of oral statements, but in determining whether such "other recording" constitutes a "statement," a very restrictive standard is to govern—only continuous, narrative statements made by the witness, recorded verbatim or nearly so, qualify. 103 Cong. Rec. 15940. Congress intended to restrict defense access to statements of government witnesses, for purposes of impeachment, to those statements for which the witness and not the government agent is responsible, so as to avoid the unfairness that results from the use of distorted and inaccurate material. Palermo v. United States, supra, at 350, 79 S.Ct. 1217. Where a claimed past contradictory written or recorded statement of a witness is to be used to impeach and discredit him, it should be his own statement and not someone else's interpretation of what the witness said or what he thought the witness said.

The Court also said in Palermo that in most cases the trial court will be able to determine whether a statement falls within the Jencks Act by examining the statement itself without the aid of extrinsic evidence, but added significantly,

"It is also the function of the trial judge to decide, in light of the circumstances of each case, what, if any, evidence extrinsic to the statement itself may or must be offered to prove the nature of the statement." Id. at 354–355, 79 S.Ct. at 1226.

■■ Accordingly, the procedure to be employed for determining whether or not a "statement" is involved rests within the sound discretion of the trial judge. See United States v. Hilbrich, 232 F. Supp. 111, 121 (N.D.Ill.1964). However, guidelines for the exercise of that discretion do exist. For example, if it is unclear whether a document qualifies under (e) (2), the court of its own motion should conduct a *voir dire* examination into the circumstances surrounding its making. Campbell v. United States, 365 U.S. 85, 92, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961); Saunders v. United States, 114 U.S.App.D.C. 385, 316 F.2d 346, 350 (D. C.Cir.1963), per Justice Reed.

In this case no such hearing was called for. It is true that the record is silent as to the length of time the interview

---

1. Title 18 U.S.C. § 3500(e) reads as follows:
"(e) The term 'statement', as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—
(1) a written statement made by said witness and signed or otherwise adopted or approved by him; or
(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness to an agent of the Government and recorded contemporaneously with the making of such oral statement."

consumed; and it was conceded that the notes were made contemporaneously with the oral statements. But, after examining the notes, we are of the opinion that the notes clearly do not contain any "substantially verbatim recital." They are fragmentary and do not appear to set out the substance of the interviewee's remarks; nor is there any indication that they conform to his language rather than that of the Assistant U. S. Attorney. United States v. Aviles, 315 F.2d 186, 192 (2d Cir.), vacated and remanded sub nomine Evola v. United States, 375 U.S. 32, 84 S.Ct. 24, 11 L.Ed.2d 106 (1963), on remand for reconsideration, aff'd, 337 F.2d 552 (2d Cir. 1964), cert. denied 380 U.S. 906, 85 S.Ct. 886, 13 L.Ed.2d 794 (1965); cf. United States v. McKeever, 271 F.2d 669 (2d Cir. 1959). These jottings contain several interpolations of the interviewer, and hardly record a continuous narrative. It can fairly be said that the trial judge properly exercised his discretion in deciding that there was no need to conduct a hearing to conclude that the notes were not producible under (e) (2).

The more troublesome contention raised by appellant is whether a hearing was required to determine if the notes were *adopted* or *approved* by Shelton and thus constituted a § 3500(e) (1) statement.

■ Appellant did not raise the (e) (1) issue in his motion for production; and there was nothing in the remarks of the Assistant U. S. Attorney or in the testimony of the witness that indicated or suggested that there may have been such adoption or approval. Compare, Campbell v. United States, supra, where in the initial trial the witness whose statement was sought, testified that it was his vague recollection that the notes were read back to him and that he may have signed something. In the present case defense counsel had every opportunity to explore the issue, and his failure to do so, absent other indications that an adoption or approval may have occurred, is fatal to appellant's claim that it was incumbent on the court to make the determination on its own motion. See Ogden v. United States, 303 F.2d 724, 736 (9th Cir.), cert. denied, 376 U.S. 973, 84 S.Ct. 1137, 12 L.Ed.2d 86 (1962).

■ We are not persuaded that Campbell I, supra, dictates the opposite result, even though the Court makes it clear that where the issue is whether confidential memoranda are Jencks Act material, the trial judge has an affirmative duty to pursue appropriate means to ascertain the relevant facts. 365 U.S. at 95, 107, 81 S.Ct. 421. The wisdom of this rule of statutory administration, which emphasizes the positive aspects of the discretionary role of the trial judge, is readily apparent in the (e) (2) situation, since defense counsel, unlike the court, has not seen the reports or notes, and is not in a position to formulate intelligent questions as to the circumstances surrounding the recording of the oral statement in order to determine whether a substantially verbatim recital exists. On the other hand, in the (e) (1) situation, when the issue is adoption or approval, the defense labors under no such disadvantage, for its lack of access to the document does not prevent defense counsel from asking the witness appropriate questions.

■ Of course, if there is anything in the witness' testimony or in the document containing the written statement, which the trial judge is examining *in camera* and which is not disclosed to defense counsel, that indicates or suggests that there may have been an adoption or approval by the witness, a duty rests with the trial judge to conduct a *voir dire* to determine whether or not there was such adoption or approval. Otherwise, the duty rests with the defense counsel to initiate the inquiry.

■ In this case neither the notes nor the sheets they were written upon contain any suggestion that they were reviewed and ratified by the witness. In short, there was nothing to put the court on notice of the possibility that a genuine (e) (1) question existed. Under these circumstances, we do not conclude that the court was derelict in its duty because

it did not inquire into the matter. To hold that it should have done so would, in effect, make it mandatory to hold a hearing whenever a dispute arose over the nature of the government's memoranda, for obviously it can never be determined from the face of the document alone that it was *not* adopted or approved by the witness. In construing the statute the Supreme Court has not placed so rigid a limitation on the trial court's administration of the Jencks Act. Palermo v. United States, supra, 355, 74 S.Ct. 1217.

The judgment of conviction is affirmed.

The court expresses its appreciation to appellant's counsel, who were court appointed, for their able and thorough presentation of this case.