UNITED STATES, Appellee

v

HERMAN P. VINTRESS, Lance Corporal,
U. S. Marine Corps, Appellant

17 USCMA 258, 38 CMR 56

No. 20,125

November 9, 1967

*Lieutenant Peter F. Vaira,* USNR, argued the cause for Appellant, Accused.

*Lieutenant Colonel C. R. Larouche,* USMC, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Edward A. Infante,* USNR.

## Opinion of the Court

KILDAY, Judge:

Appellant was arraigned before a general court-martial convened at Chu Lai, Republic of Vietnam, charged with premeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 USC § 918. He pleaded not guilty as charged, but guilty of involuntary manslaughter, a violation of Article 119, Uniform Code of Military Justice, 10 USC § 919. He was found guilty of unpremeditated murder, a violation of Article 118, supra. He was sentenced to dishonorable discharge, total forfeitures, confinement at hard labor for fifteen years, and reduction to Private E-1. The convening authority approved the sentence. A board of review in the office of the Judge Advocate General of the Navy affirmed the finding of guilty and the sentence. This Court has granted review to consider two issues which will be hereafter stated.

Events leading to a charge of murder against Vintress had their beginning in a platoon beach party spiced with beer. During the affair, the victim and appellant had a brief encounter accompanied by an exchange of sharp words.

**259**

Later, having returned to the battalion area, witnesses watched as the accused backed from a tent followed by Private First Class Hoggard. Vintress carried a magazine loaded rifle, held hip high, pointed at the victim to be. In spite of accused's warning to keep away, Hoggard reached out his hand in a normal movement whereupon shots were heard and Hoggard fell wounded, with death resulting.

Turning to the issues at hand, we are first called upon to determine whether or not the law officer's instruction on unpremeditated murder was erroneous and prejudicial.

The instruction in question advised the court that they must be satisfied beyond a reasonable doubt the victim was dead, that death occurred in the manner charged and—with bracketed portion deleted—

"Three, that at the time of the killing the accused intended to kill or inflict great bodily harm. The intent to kill or inflict great bodily harm required in unpremeditated murder need not exist [for any particular time before the commission of the act or have previously existed] at all. It is sufficient if it existed at the time of the act. Thus, unpremeditated murder differs from premeditated murder in that premeditated murder requires both a specific intent to kill and premeditation, whereas unpremeditated murder requires no premeditation and the intent may be either an intent to kill or an intent to inflict great bodily harm."

Following a grant of review based upon the instruction as originally recorded, a certificate of correction containing the bracketed section was filed by the Government with this Court. The composite form set out above reflects the true state of the instruction given.

As initially recorded, it is patently erroneous. As actually given, its correctness is equally evident. Cf. United States v Thomas, 17 USCMA 103, 37 CMR 367. Appellate defense counsel so recognized at time of oral argument. Accordingly, we turn to other matters.

The second issue before the Court raises the question of whether trial counsel erred to the prejudice of the accused by asking accusatory questions unsubstantiated by evidence.

Accused, testifying in his own behalf, stated he had never before fought with Hoggard. On cross-examination, this subject was reopened by the ensuing colloquy:

"Q. You testified on direct examination that you never fought with Private First Class HOGGARD, is that correct?

"A. Yes, sir.

"Q. You didn't fight with him the week previous to this? A week previous to July 16th?

"DC: I'll object to this sir, it's outside the scope.

"LO: What was the question?

"TC: He stated on direct examination that he never fought with Private First Class HOGGARD. I asked him the question did he remember fighting with Private First Class HOGGARD the week prior to July 16th?

"LO: Overruled.

"DC: I'll withdraw my objection.

"A. No, sir.

"Q. You don't remember having fought with him late one night?

"A. No, sir.

"Q. Could you have?

"A. No, sir.

"Q. You don't remember having fought with him late one night?

"A. No, sir.

"Q. Could you have fought with him in the presence of Lance Corporal DAVENPORT and Private First Class FORBOARD?

"A. No, sir.

"Q. You couldn't have?

"A. No, sir.

"Q. Do you remember fighting at that time?

"A. Yes, sir.

"Q. You weren't fighting HOGGARD?

"A. No, sir.

"Q. Who were you fighting?

"DC: I'll object.

"LO: Sustained counsel."

Prosecution offered nothing independently to rebut appellant's denial to having previously fought Hoggard.

It is the defense theory that prejudice from these questions and answers flow from their repetitive and accusatory nature, or, if considered as impeachment only, because they adduce evidence of misconduct not resulting in conviction.

Government counsel adopt the view that trial counsel pursued a proper course of inquiry directed toward and related to questions of intent, motive, and credibility. However, goes the argument, if the bounds of impropriety were exceeded, prejudice is nonetheless absent for appellant was not deprived of any substantial right.

The rule normally applicable in Federal courts is to the effect that specific acts of misconduct, not resulting in conviction of a felony or crime of moral turpitude, are not the proper subject of cross-examination for purposes of attacking the credibility of an accused when a witness. The rule established by Manual for Courts-Martial, United States, 1951, paragraph 138g, is no different and we have so held. United States v Russell, 15 USCMA 76, 35 CMR 48; United States v Robertson, 14 USCMA 328, 34 CMR 108; United States v Miller, 14 USCMA 412, 34 CMR 192.

This same Manual provision contains the further proviso that such evidence may be admissible if, apart from impeachment, it has substantial value as tending to prove a fact in issue be it guilty knowledge, intent, motive, showing plan or design or even identity. Manual for Courts-Martial, supra, paragraph 138g(1)–(4); United States v Kindler, 14 USCMA 394, 34 CMR 174; United States v Pavoni, 5 USCMA 591, 18 CMR 215; United States v Graham, 5 USCMA 265, 17 CMR 265, and cases cited therein.

Reliance thereon, under the circumstances of this case, is, nonetheless, misplaced. Responses by the accused to questions asked on cross-examination make it clear that he had never before fought with the deceased. Trial counsel was bound by this denial of prior wrongdoing. United States v Shepherd, 9 USCMA 90, 25 CMR 352; cf. United States v Lyon, 15 USCMA 307, 35 CMR 279. Evidence of remote involvement with third parties tend to resolve no factual issue in the case at hand, nor could it be used to attack appellant's credibility. On the day of this unfortunate incident these participants had earlier faced one another in what can be described as little more than an argument; certainly, not a fight. Moreover, it appears clear trial counsel's examination of the accused was understood by all to concern events of the past and in this regard appellant's answers remained consistent. Relevancy to intent, motive, or credibility simply cannot here be measured by the introduction of such evidence.

Necessarily, the divulgence of such unrelated and, therefore, irrelevant matter constitutes error. Manual for Courts-Martial, supra, paragraph 138g; United States v LaCount, 13 USCMA 160, 32 CMR 160.

Even so, resulting prejudice, if any, is a matter of factual evaluation. United States v Russell; United States v Miller, both supra. By his plea of guilty to involuntary manslaughter, accused has removed all factual issues except that of intent. Petitioner's denial of prior conflict with the victim obviously has no harmful bearing in this area. Indeed, it has the beneficial result of showing the existence of a normal relationship, thereby supporting appellant's plea that death of Hoggard resulted only from a negligent act. United States v Russell, 3 USCMA 696, 14 CMR 114; United States v Back, 13 USCMA 568, 33 CMR 100. At best, it can only be argued that the evidence of fighting a third person tends to show the accused as one having a criminal disposition. Manual, supra, paragraph 138g; United States v Pavoni, supra. However, the law officer, in in-

structing on other acts, of no concern here, correctly advised the court of both the general rule in this area as well as the exceptions. They were told that evidence is ordinarily inadmissible if only to raise an inference of a criminal disposition to do acts of the kind here charged. In light of the substantial proof in this case, the beneficial aspects of petitioner's other answers, plus the instructions given in the area of concern, we do not believe prejudice resulted. Cf. United States v Russell, 3 USCMA 696, 14 CMR 114.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.