No. 71–1408. Aero Mayflower Transit Co., Inc., et al. v. United States et al. Appeal from D. C. S. D. Ind.; and

No. 71–1419. Hutter et ux. v. Korzen. Appeal from Sup. Ct. Ill. Motion to supplement jurisdictional statement in No. 71–1408 granted. Appeals dismissed for failure to docket cases within time prescribed by Rule 13 (1) of the Rules of this Court.

Mr. Justice Douglas, dissenting.

These cases, here on appeal, are dismissed by the Court, as being out of time under our Rules. I dissent from that disposition.

We held in *United Public Workers* v. *Mitchell,* 330 U. S. 75, 84–86, that the Rules of this Court determine the effect of untimely docketing. Only the filing of the notice of appeal is jurisdictional. Docketing is prescribed by Rule 13 (1), and this Court in case after case has in its discretion waived the strictures of that rule. Up to now it has, indeed, been more concerned with disposing of cases as justice may require rather than finding technical ways to avoid decision of knotty questions.

In the *Aero Mayflower Transit Co.* case the three-judge court entered its judgment on December 29, 1971, and Aero Mayflower filed its notice of appeal on February 14, 1972, within the 60-day period prescribed by 28 U. S. C. § 2101 (a) but did not docket its case within the subsequent 60-day period. Instead, it filed its jurisdictional statement on April 28, 1972, 14 days out of time.

In the *Hutter* case the notice of appeal was filed on February 17, 1972, following denial by the Illinois Supreme Court of Hutter's motion to reconsider on January 18, 1972. This was timely under § 2101 (c). Dock-

eting on May 1, 1972, however, did not occur within the period provided by Rule 13 (1), but was 14 days late.

The delay in each of these appeals was much shorter than that which occurred in *Johnson* v. *Florida,* 391 U. S. 596, where we entertained an appeal that was not docketed until 56 days after the time provided in Rule 13 (1) expired. 391 U. S., at 598 n.

In *Durham* v. *United States,* 401 U. S. 481 (1971), the Court considered a petition for certiorari in which the opinion of the Court of Appeals was filed on November 12, 1969, rehearing was denied on March 5 1970, and the petition was filed on September 26, 1970. Under Rule 22 (2) that applied in that case, the petition was more than five months out of time. Only MR. JUSTICE BLACKMUN dissented.

Our Rules are only guidelines for litigants and we do disservice to the administration of justice by exalting them as Baron Parke doubtless would have done. Our experience with our Rules shows that lateness in docketing may be due to slow delivery of the mail (which is even worse today than it was 10 years ago), to snow-storms [1] that stop or slow up all traffic, to sickness of

---

[1] *Teague* v. *Regional Comm'r of Customs,* 394 U. S. 977, 984, was a case in which a petition for certiorari was filed two days after the 90-day statutory period had elapsed, the delay being caused by a snowstorm. Justice Black wrote in dissent:

"It might be well to imagine for a moment what would have happened if some Senator or Representative had suggested an amendment to 'clarify' the proposed § 2101 (c) by stating that a petition filed after the 90-day period will not be out of time 'when the delay is caused solely by an interruption of the mail service due to snow-storms.' It is conceivable that more than a few members of Congress would consider such an amendment an insult to this Court's intelligence and would feel it unnecessary to lead this Court by the hand on such matters of elementary common sense. It is impossible, however, to believe that any of them would have regarded an amendment to the opposite effect as properly reflecting the purpose of the statute, and yet this opposite amendment, ruling a peti-

counsel, or to other accidents that make untimely docketing that normally would be on time. Before we penalize litigants for late docketing of appeals we should have a case that shows palpable neglect.[2]

tion out of time under these circumstances, is precisely the amendment that the Court today tacitly engrafts onto § 2101 (c).

"I would not adopt any such pointlessly harsh interpretation of the statute, one that furthers no congressional objective whatsoever and denies litigants their opportunity to seek review in this Court on the basis of atmospheric events wholly beyond their control. This is a return to all the cruel technicalities of common-law pleading, and then some. . . ."

[2] In many of our cases we have entertained petitions, though docketed after expiration of the time prescribed in our Rules: *Smith* v. *Mississippi,* 373 U. S. 238; *Arnold* v. *North Carolina,* 376 U. S. 773; *Mazzie* v. *United States,* 375 U. S. 32; *Robison* v. *United States,* 390 U. S. 198; *Nelson* v. *United States,* 392 U. S. 303; *Fuller* v. *Alaska,* 393 U. S. 80; *Banks* v. *California,* 382 U. S. 420; *Long* v. *Parker,* 384 U. S. 32; *Serio* v. *United States,* 392 U. S. 305.