*In re* APPLICATION OF COUNTY COLLECTOR FOR JUDGMENT OF SALE FOR CERTAIN DELINQUENT TAXES—(JOHN HUTTER *et al.*, Objectors-Appellants, *v.* ROY HUFFMAN, Respondent-Appellee.)

(No. 57728; ▮▮▮▮▮▮

First District (5th Division)—October 26, 1973.

*Rehearing denied November 21, 1973.*

John A. Hutter, *pro se.*

Frederick S. Stein and Howard C. Emmerman, both of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

John and Clara Hutter appeal from an order vacating the recall and rescission of the sale of their property for delinquent 1968 real property taxes and from an order denying reconsideration of the matter.

In the fall of 1969, the County Collector petitioned the circuit court of Cook County for judgment and for sale of certain parcels of real property for delinquent 1968 taxes including among others the property at 3526 North Marshfield Avenue in Chicago owned by the Hutters. In January, 1970, the Hutters filed an objection, Number 43, to the County Collector's petition, but did not pay their delinquent taxes under protest as

required by statute. (Ill. Rev. Stat. 1967, ch. 120, pars. 675 and 716.)* On June 8, 1970, while the petition for judgment and the Hutters' objection were pending, the County Collector sold the property to Roy Huffman. On July 23, 1970, the trial court, on motion of the State's Attorney, dismissed the Hutters' objection because of their failure to pay the taxes under protest and the court ordered the dismissal of the objection. Appellants appealed the order of dismissal to the Appellate Court arguing that the requirement of payment under protest was unconstitutional. The Appellate Court (First District, Fourth Division, Appeal number 55434) dismissed the appeal and leave to appeal to the Illinois Supreme Court was denied. (47 Ill.2d 590.) However, on January 18, 1972, the Illinois Supreme Court stayed its mandate pending "certiorari" to the U.S. Supreme Court. (Later, on October 17, 1972, subsequent to the matters raised in the instant appeal, the U.S. Supreme Court on procedural grounds dismissed the Hutters' appeal. 409 U.S. 905.)

In the instant case, Huffman, the tax-purchaser, on February 23, 1972, filed a petition for a tax deed to the Hutters' property, based upon the tax sale of June 8, 1970.

On February 28, 1972, the Hutters petitioned a trial judge other than the one assigned to hear the petition for a tax deed to recall and rescind the June 8, 1970 sale of their property stating that the property was sold to Huffman in error and while their Objection 43 was pending and that they had received no notice of the sale. Although Huffman was not present in court for the hearing, the State's Attorney joined in the Hutters' petition and the trial court entered the order recalling and rescinding the sale.

---

* "675. Payment of taxes—Payments under protest.

&ast; &ast; &ast;

If any person desires to object pursuant to the provisions of Section 235 of the Act [par. 716], to all or any part of a real property tax for any year, for any reason other than that the real estate is not subject to taxation, he shall first pay all of said tax installments due, and such payment shall be accompanied by a writing &ast; &ast; &ast;.

&ast; &ast; &ast;

"716. Proceedings by court—Form of order—Cure of error or informality. The court shall examine said list [of delinquent properties], and if defense (specifying, in writing, the particular cause of objection) be offered by any person interested in any of said lands or lots, to the entry of judgment against the same, the court shall hear and determine the matter in a summary manner, without pleadings, and shall pronounce judgment as the right of the case may be: Provided, that no person shall be permited to offer any such defense unless such writing specifying the particular cause of objection shall be accompanied by an official original or duplicate tax collector's receipt, showing that all taxes to which objection is made have been paid under protest pursuant to the provisions of section 194 of this Act [par. 675] &ast; &ast; &ast;."

On June 12, 1972, Huffman filed a petition to vacate the February 28, 1972 order alleging that he had meritorious defenses to the February 28, 1972 petition, namely—that he had received no notice of the petition and order of February 28, 1972, and a further defense that the sale was not a "sale in error" within the meaning of the Revenue Act. Following the filing of various motions and briefs and after hearing arguments of counsel, the trial court on June 20, 1972, vacated the recall and rescission of the tax sale. It is from this last order that the Hutters appeal.

Later, the Hutters filed a motion to reconsider the order vacating the recall and rescission of the tax sale. This motion was transferred to the court assigned to hear Huffman's petition for a tax deed and after hearing the arguments of counsel, the motion was denied without prejudice to raising the matters therein as defenses at the hearing on the petition for the tax deed which appears to be still pending. The transcript of proceedings at the time of denial of the Hutters' motion indicates that the court believed (1) that all the difficulties of the instant case could be resolved at one time at the hearing on the petition for the tax deed, and (2) that the orders vacating the recall and rescission of the tax sale and denial of reconsideration thereof not only would expedite resolution of all the difficulties, but were not appealable orders. Nonetheless, the Hutters also appeal from denial of their motion for reconsideration.

OPINION

■■ The instant case presents a unique situation. The record on appeal contains numerous and significant deviations from the proper procedure for the sale of real property for delinquent taxes and does not include rather important items relevant to our decision. Moreover, the briefs of the parties, citing no cases, are of little assistance to us in resolution of the matter. Although we need not examine all the irregularities of the instant case, initially it seems apparent that the tax sale which took place here was improper. The Revenue Act of 1939 as amended (Ill. Rev. Stat. 1967, ch. 120, par. 482 *et seq.*) provides that objections must be resolved before judgment is entered and that judgment must be rendered before sale may be held. Moreover, the tax-purchaser does not deny that the sale took place before the trial court resolved the matter of the Hutters' objection.

■■ Appellee initially contends that the orders vacating the recall and rescission of the tax sale and denying reconsideration of the matter are not appealable. It is clear that the trial court denied reconsideration without prejudice. This action specifically will permit the Hutters to raise their arguments regarding the impropriety of the tax sale as defenses at the hearing to be held on the issuance of a tax deed. It is therefore apparent that the orders appealed from are neither final judgments

pursuant to Supreme Court Rule 303 nor the type of orders from which interlocutory appeals may be taken pursuant to Supreme Court Rules 307 or 308. For these reasons, the instant appeal is dismissed.

Appeal dismissed.

DRUCKER, P. J., and ENGLISH, J., concur.