**UNITED STATES, Appellee,**

v.

**Joseph M. WILKERSON, Private, U. S. Army, Appellant.**

**No. 28,948.**

U. S. Court of Military Appeals.

June 27, 1975.

*Captain Albert T. Berry* argued the cause for Appellant, Accused. With him on the brief were *Colonel Victor A. DeFiori, Major Richard J. Goddard, Captain Michael R. Caryl,* and *Captain Winston E. King.*

*Captain Nancy M. Giorno* argued the cause for Appellee, United States. With her on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen, Captain Steven M. Werner,* and *Captain John R. Erck.*

### OPINION OF THE COURT

PER CURIAM:

■ Contrary to his pleas of record, the appellant was convicted by a general court-martial of robbery and assault with intent to commit robbery in violation of Articles 122 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 922 and 934. Those findings, together with the adjudged sentence of a bad-conduct discharge, confinement at hard labor for 1 year and total forfeitures, remain unchanged throughout review below. On November 27, 1974, we granted the appellant's petition for review to consider several issues which variously challenged the adequacy of the military judge's instructions to the court on the assault with intent to commit robbery offense, the sufficiency of the staff judge advocate's post-trial review, and the cumulative effect of those alleged errors. Upon subsequent motion by the Government, we granted, by order dated March 12, 1975, leave to file a certificate of correction which reflected that the military judge's instructions as to the assault with intent to commit robbery offense were improperly transcribed in the authenticated record before us.[1] Upon reconsideration in light of that certificate of correction, we amended, by that same order, our original grant of review to eliminate the instructional issue. *United States v. Vintress,* 17 U.S.C.M.A. 258, 38 C.M.R. 56 (1967).

■ Left for resolution, therefore, are only those issues in which the defense claims prejudice as a result of the post-trial review. Turning first to the defense complaint about the failure of the review to reinform the convening authority of the Article 32 investigating officer's recommendation for trial by special court-martial, which did not amount to a recommendation for appellant's retention in the service, we

---

1. Although we granted the Government's motion for leave to file the certificate of correction in the instant case, we did so only after assuring ourselves, pursuant to our order of February 21, 1975, that neither the appellant nor his counsel desired to make any allegation of fraud with respect to the substance of the certificate. *See United States v. Napier,* 20 U.S.C.M.A. 422, 43 C.M.R. 262 (1971). In doing so, however, we wish to make it abundantly clear that we do not condone *ex parte* communications between counsel and a judge or officer under circumstances which might have the effect or give the appearance of granting undue advantage to one party. *See* ABA Code of Professional Responsibility, EC 7–35 and DR 7–110; ABA Code of Judicial Conduct, canon 3, adjudicative responsibility A(4); ABA Standards, The Function of the Trial Judge § 1.6 (1972). As to the ethical responsibility of a trial judge or other authorized officer who either finds it necessary or is called upon to make substantive changes in the trial transcript to accurately reflect the true proceedings in a case, we strongly recommend reference to § 2.5 of the ABA Standards, The Function of the Trial Judge (1972), which specifically admonishes that such changes should not be made "without notice to the prosecution, the defense and the reporter, with opportunity to be heard."

do not, under the circumstances of this case, find any prejudice. *United States v. Shelton*, 23 U.S.C.M.A. 206, 48 C.M.R. 958 (1974). The additionally alleged defects in the review are either not supported by the record or are adequately covered elsewhere by the staff judge advocate in his review.

The decision of the U. S. Army Court of Military Review is affirmed.

Chief Judge FLETCHER did not participate in the decision of this case.