UNITED STATES

v.

**Sergeant Steven K. FOX, FR 229–82–2553 43d Security Police Squadron Fifteenth Air Force (SAC).**

**ACM S24446 (recon).**

U. S. Air Force Court of Military Review.

25 March 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before BUEHLER, HERMAN and ORSER, JJ.

## DECISION UPON RECONSIDERATION

HERMAN, Judge:

Upon original review of the record of trial in this case, this Court, by its decision dated 31 January 1977, affirmed a conviction of sale of marihuana while dismissing another specification for possession of the same substance because of an improper search and seizure. In addition, we detected an apparent error in the instructions of the military judge which omitted the maximum confinement to which the accused could be sentenced. Accordingly, we disapproved the four months confinement adjudged by the court-martial, thus approving a sentence of bad conduct discharge and reduction to airman basic as appropriate for the remaining offense.

Appellate defense counsel moved for reconsideration alleging that the sentence had not been meaningfully reassessed. *United States v. Cruz,* 23 U.S.C.M.A. 238, 49 C.M.R. 291 (1974). Appellate government counsel joined[1] in the motion for reconsideration, and further moved for leave to file a certificate of correction to the record of trial. We granted both motions and have accepted the certificate of correction to the record. *United States v. McLaughlin,* 18 U.S. C.M.A. 61, 39 C.M.R. 61 (1968); *United States v. Vintress,* 17 U.S.C.M.A. 258, 38 C.M.R. 56 (1967); *United States v. Ritenour,* 41 C.M.R. 414 (A.C.M.R. 1969).

The certificate of correction, prepared after the court reporter reviewed her notes and found that she had erroneously omitted transcribing a portion of the military judge's instructions, shows that the judge did, in fact, instruct the court that it could sentence the accused to confinement at hard labor for six months.

Correction of the record to reflect what actually transpired at trial may properly be made during appellate review of the case. *United States v. McLaughlin,* supra; *United States v. Roberts,* 7 U.S.C.M.A. 322, 22 C.M.R. 112 (1956). The certificate of correction recently received by this court makes it clear that the court was properly instructed by the military judge; thus, the sentence adjudged was within the lawful limits prescribed.

What is left for us to decide is the appropriateness of the sentence in the light of our dismissal of the possession of marihuana offense. In our original decision, we reassessed the modified sentence of bad conduct discharge and reduction to airman basic and found it to be nevertheless appropriate. Appellate government counsel have correctly pointed out in their most recent brief that reassessment was not necessary, as the military judge had instructed the members of the court that the offenses were multiplicious for sentencing purposes. Nevertheless, in the interest of justice and fairness to the accused, we find appropriate only so much of the sentence adjudged as amounts to bad conduct discharge and reduction to airman basic.

The findings of guilty and the sentence, both as modified, are

AFFIRMED.

BUEHLER, Senior Judge, and ORSER, Judge, concur.

---

1. It is apparent from the relief requested in their appellate brief, government counsel do not in fact "join" in the motion, but assert an independent motion for reconsideration.