**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph L. COLE, Defendant-Appellant.**

**No. 79–5505.**

United States Court of Appeals,
Fifth Circuit.

May 16, 1980.

William J. Baxley (Court-appointed), James S. Ward, Birmingham, Ala., for defendant-appellant.

J. R. Brooks, U. S. Atty., James C. Thomason, III, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before GODBOLD, GARZA and RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

Following a jury trial in the United States District Court for the Northern Dis-

trict of Alabama, Appellant, Joseph L. Cole, president of the Etowah County Chapter of the Southern Christian Leadership Conference (SCLC), which received financial assistance under the Comprehensive Employment and Training Act of 1973 (CETA), was convicted of violating 18 U.S.C. § 665 by willfully misapplying funds which were the subject of a CETA grant or contract of assistance. On appeal, Cole raises two points of error. First, Cole complains of the district court's failure to make the requisite factual determination whether certain memoranda of interviews of three Government witnesses were "statements" subject to production under the Jencks Act, 18 U.S.C. § 3500 (1976). Second, Appellant asserts that the district court erred under Fed.R.Evid. 608(b) in allowing the prosecutor to cross-examine Cole concerning his submission to a former employer of a false excuse for being absent from work. We remand for consideration of the Jencks Act issue and hold that the district court did not abuse its discretion under Fed.R.Evid. 608(b) in permitting cross-examination of Cole concerning a prior specific instance of conduct which was probative of untruthfulness.

The basic facts may be briefly stated. In May of 1978, Cole, on behalf of the SCLC, contracted with the State of Alabama Department of Industrial Relations for a grant under CETA to obtain funds to hire a secretary. The contract provided for monthly cash advances based upon invoices submitted by Cole stating, *inter alia*, the gross salary paid the employee and the deductions for FICA, taxes and the employee's share of any benefits. It was disputed at trial whether representatives of the Alabama Department of Industrial Relations explained to Cole that the money provided under the CETA grant could be used only for salary and deductions. Cole admitted using proceeds from checks written on the SCLC CETA fund account for purposes other than paying the secretary's salary, but denied that the misapplication was willful because no one had ever told him he could not use the CETA money for those purposes.

## The Jencks Claim

■ The Jencks Act, codifying the holding in *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), requires production, upon motion of the defendant, of any statement, as defined by the Act, within the scope of the subject matter of the direct examination of a government witness who has testified. 18 U.S.C. § 3500(b). The term "statement" is defined as follows:

(1) a written statement made by said witness and signed or otherwise adopted or approved by him;

(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement;

. . . ..

*Id.* at § 3500(e)(1), (2).

Two of the witnesses whose statements Cole sought to have produced under the Act, James H. Routte and Lester Moore, were employees of the State of Alabama Department of Industrial Relations with whom Cole spoke concerning the CETA grant. The third witness whose statement was sought, James L. Wofford, was appointed by Cole to the position of Executive Director of the SCLC in Gadsden, Alabama, in which capacity he served from May of 1978 until February of 1979. The district court denied defense counsel's motion for production of statements and notes of statements of these three witnesses based upon the prosecutor's representation that the Government had no "statements" within the meaning of the Jencks Act. The Government concedes that it has memoranda of interviews of Routte and Wofford made by FBI agents on FD–302 forms (302s) and handwritten notes made by Government counsel based on his interview of Moore, but denies that any of these memoranda meet the definition of a "statement" contained in subsection (e)(1) or (e)(2) of 18 U.S.C. § 3500. The Government acknowledges that because the district

court failed to conduct an *in camera* inspection of the memoranda, which were not made part of the record on appeal, or to conduct any voir dire examination of the witnesses or their interviewers, the record does not provide a basis for this court to decide whether Cole was wrongly denied production under the Jencks Act. Thus, the Government urges that this matter be remanded for the limited purpose of determining whether any of the memoranda of interviews in question were producible under the Act, and, if so, whether the consequences, if any, of the wrongful failure to produce warrant granting Cole a new trial. The defense contends that remanding for this limited purpose as suggested by the Government is not a sufficient remedy and argues that the conviction should be reversed and a new trial granted.

At oral argument, counsel for the Government stated that the trial court's inspection of the memoranda need not be *in camera* and suggested that a hearing be held to elicit testimony from the witnesses and the interviewers, including himself, concerning the circumstances surrounding the making of the memoranda to determine whether any of them meet the definition of "statement" contained in 18 U.S.C. § 3500(e)(1) or (e)(2). The trial court is free to follow this procedure or it may inspect the memoranda and then decide what testimony to take. The court may decline to hold a hearing on the (e)(1) issue if nothing in the documents suggests that there may have been an adoption or approval by the witnesses as required by that subsection since the duty was on defense counsel to initiate an inquiry of the witnesses on this issue, which he failed to do. *See United States v. Judon*, 567 F.2d 1289, 1292 (5th

Cir. 1978) (following *United States v. Lamma*, 349 F.2d 338 (2d Cir.), *cert. denied*, 382 U.S. 947, 86 S.Ct. 407, 15 L.Ed.2d 355 (1965)). If it is not clear from an inspection of the memoranda whether they are transcripts of substantially verbatim recordings of oral statements of the witnesses recorded contemporaneously with the making of the statements as required by (e)(2), the court should call the interviewers or otherwise ascertain whether the memoranda meet the standards set out in (e)(2). *See Id.* at 1293 (following *Campbell v. United States*, 365 U.S. 85, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961)). Of course, even if a memorandum meets the definition contained in (e)(1) or (e)(2), then the court must determine whether any of it relates to the subject matter of the witness' testimony as required by 18 U.S.C. § 3500(b). If the court decides that none of the memoranda were producible under the Jencks Act, it should supplement the record with the memoranda and with findings sufficiently detailed to enable Cole to decide whether to appeal the ruling and to enable this court to review those findings in the event Cole appeals.[1] If the court concludes that any of the memoranda were producible under the Act, then the court should vacate the judgment of conviction and give Cole a new trial. *Id.* (following *Campbell*, 365 U.S. at 99, 81 S.Ct. at 428).

### The Fed.R.Evid. 608(b) Claim

█ We find no merit in Appellant's contention that the district court erred under Fed.R.Evid. 608(b) in allowing the prosecutor to cross-examine Cole concerning his submission to a former employer of a false excuse for being absent from work.[2] Fed. R.Evid. 608(b) provides as follows:

1. If Cole challenges the trial court's findings he need not file a new appeal. He may, instead, lodge with this court certified copies of the trial court's findings and, if needed, supplementary briefs or other materials. The matter will be referred to this panel. *See United States v. Gaston*, 608 F.2d 607, 614 n.3 (5th Cir. 1979).

2. In support of his position that impeachment by proof of specific acts of misconduct is improper, Cole cites several cases which we do not deem helpful to his position, either because

they were not decided under Fed.R.Evid. 608(b), *e. g., United States v. Turquitt*, 557 F.2d 464 (5th Cir. 1977) (also involving use of extrinsic evidence); *United States v. Cox*, 536 F.2d 65 (5th Cir. 1976) (the court indicated that under the facts and circumstances of the case, where the prior acts of misconduct were remote and where the prosecutorial need for and probative value of the evidence was outweighed by its potential inflammatory effect, the result would have been the same under Rule 608(b)); *United States v. Park*, 525 F.2d

(b) *Specific instances of conduct.* Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of his privilege against self-incrimination when examined with respect to matters which relate only to credibility.

When questioned about the incident, Cole admitted submitting a false excuse and no extrinsic evidence was introduced.[3] Clearly, this kind of cross-examination is permissible under Rule 608(b), subject to the sound discretion of the trial court, which we do not think was abused in this case.

The cause must be remanded for further proceedings consistent with this opinion.

REMANDED.

1279 (5th Cir. 1976) (questioning not probative of truthfulness or untruthfulness of the witnesses); *United States v. Franklin*, 471 F.2d 1299 (5th Cir. 1973); *United States v. Davenport*, 449 F.2d 696 (5th Cir. 1971), or because they involved use of extrinsic evidence, e. g., *United States v. Herzberg*, 558 F.2d 1219 (5th Cir.), *cert. denied*, 434 U.S. 930, 98 S.Ct. 417, 54 L.Ed.2d 290 (1977); *Turquitt*, 557 F.2d 464.

The defense stresses that there was no mention of the incident on Cole's direct examination and that the matter was not a material issue in Cole's defense. If it were otherwise, Rule 608(b) would not have been applicable. *See, e. g., United States v. Opager*, 589 F.2d 799, 801–02 (5th Cir. 1979); *Herzberg*, 558 F.2d at 1223. Furthermore, the scope of the direct examination may be exceeded on cross-examination when it is sought to test the witness' credibility. Fed.R.Evid. 611(b); *United States v. Contreras*, 602 F.2d 1237, 1242 (5th Cir.),

*cert. denied*, —— U.S. ——, 100 S.Ct. 466, 62 L.Ed.2d 387 (1979).

3. Appellant's contention in his brief that questioning Cole concerning submission of the false excuse was "impeachment by extrinsic evidence as to a collateral matter, in clear violation of Rule 608(b), because his prior wrongful acts not resulting in a criminal conviction are clearly collateral matter" misses the point. At trial, the district court cautioned the prosecutor that while he could inquire into the acts involved in making a false statement under Rule 608(b), he could not prove it by extrinsic evidence, but had to take the witness' answer. See *Herzberg*, 558 F.2d at 1223. Cole admitted submitting a false excuse but asserted that his brother wrote it and it was in a sealed envelope, so he did not know it was false when he took it to his employer. It is extrinsic evidence that is prohibited and none was introduced.