UNITED STATES

v.

Airman First Class James E. PIERCE,
FR 416–90–9898, United States
Air Force.

ACM S25641.

U. S. Air Force Court of Military Review.

30 Sept. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before KASTL, HEMINGWAY, and SNYDER, Appellate Military Judges.

## DECISION

SNYDER, Judge:

Pursuant to his plea, the accused was convicted by special court-martial of wrongful sale of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $300.00 per month for three months, and reduction to the grade of airman basic. He has assigned four errors for this Court's consider-

ation, only one of which merits comment. Finding no error prejudicial to the accused, we affirm.

### THE MILITARY JUDGE ERRED TO THE PREJUDICE OF THE ACCUSED WHEN HE OVERRULED THE DEFENSE'S OBJECTION TO THE TRIAL COUNSEL'S CROSS EXAMINING THE ACCUSED ABOUT HIS USE OF MARIHUANA.

The accused testified under oath during the sentence portion of the trial. Near the end of his cross-examination, trial counsel was permitted to elicit, over defense objection, the fact accused had used marihuana on three or four occasions. Accused avers that the military judge abused his discretion by allowing the question because it went beyond the scope of direct examination as allowed by Rule 611(b), Mil.R.Evid. Relying on *United States v. Gambini*, 13 M.J. 423 (C.M.A.1982), he asserts the military judge's ruling improperly allowed uncharged misconduct into evidence.

*Gambini* is not dispositive of the issue, for that case was tried prior to the implementation of the Military Rules of Evidence. To properly resolve this issue we must review the interaction of Rules 403 and 608(b), Mil.R.Evid., in order to determine if the military judge abused his discretion in allowing trial counsel's efforts to impeach the accused.

■ The pertinent provisions of Rule 608(b) read, in part, as follows.

(b) Specific instances of conduct. Specific instances of conduct of a witness, for the purpose of attacking or supporting the credibility of the witness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the military judge, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning character of the witness for truthfulness or untruthfulness. . . .

Unlike the prior Manual for Courts-Martial, 1969 (Rev), this provision does not distinguish between the accused and other witnesses. This Court has stated previously that Rule 608(b) does not shield an accused from being impeached with specific instances of conduct. *United States v. Bartlett*, 12 M.J. 880 (A.F.C.M.R.1981). The scope of the military judge's discretion in applying the rule, though not unlimited, is very substantial. *See United States v. Fortes*, 619 F.2d 108 (1st Cir. 1980). The military judge should, however, be mindful of Rule 608(b)'s purpose when exercising the discretion granted by the rule.

■ Rules 403 and 608(b) are taken verbatim from the Federal Rules of Evidence. Decisions construing the federal rules have held Rule 608(b) to be restrictive in nature, and that it must be applied in concert with rule 403 to ensure fairness. *United States v. Borca*, 623 F.2d 281 (3d Cir. 1980), cert. denied, 449 U.S. 875, 101 S.Ct. 217, 66 L.Ed.2d 96. This is especially so when the witness being cross-examined is the accused. *See* Saltzburg, Schinasi, and Schlueter, Military Rules of Evidence 305 (1981). Therefore, when applying rules 403 and 608(b) to the cross-examination of an accused, the military judge should decide whether the question puts undue emphasis on an offense for which there is no conviction. *See United States v. Pintar*, 630 F.2d 1270 (8th Cir. 1980).

■ Because the possibility for abuse is substantial, the key precondition on admissibility is that the specific instances inquired into must be probative of truthfulness or its opposite. *United States v. Borca, United States v. Fortes*, both *supra.* The specific instance must tend to show a propensity for dishonesty. *United States v. Blitstein*, 626 F.2d 774 (10th Cir. 1980), cert. denied, 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (attorney defendant asked if his license had been suspended during the period in question); *United States v. Cole*, 617 F.2d 151 (5th Cir. 1980), cert. denied, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422, (Government allowed to elicit from defendant fact he had submitted false statements

to his employer); *United States v. McClintic,* 570 F.2d 685 (8th Cir. 1978) (Government allowed to elicit from defendant that he once attempted to sell to an undercover agent a $200.00 ring for $8,000.00).

■ We hold that the question was improper. A review of the record of trial *sub judice* reflects that accused's direct examination was limited to his family background, marital status, and his financial inability to keep his wife and child with him at Okinawa. His closing remark was an admission of wrongdoing and a desire to atone for his offense. Under those circumstances, past usage of marihuana had little, if any, probative value as to his truthfulness. *See United States v. Harvey,* 12 M.J. 501 (A.F.C.M.R.1981); *United States v. Fortes, supra,* (selling cocaine found, under circumstances, to be not probative for truthfulness); *United States v. Rabinowitz,* 578 F.2d 910 (2d Cir. 1978) (prior acts of sodomy too tenuous on witness' propensity to tell truth); *United States v. Kizer,* 569 F.2d 504 (9th Cir. 1978) (defense not allowed to question witness on drug addiction and treatment unless it went to accuracy and reliability of recall).

Not meeting the required precondition, the question should not have been allowed. Reversal is not required, however, unless the accused was prejudiced. *United States v. Bieniek,* 43 C.M.R. 495 (A.F.C.M.R.1971). Considering his plea of guilty to sale of marihuana, his candor in admitting his usage of same, and a sentence substantially less than the authorized maximum, we find he was not prejudiced by the admission of the evidence in question. *See United States v. Vintress,* 17 U.S.C.M.A. 258, 38 C.M.R. 56 (1967).

We have considered the remaining assignments of error and find them to be without merit. Accordingly, the finding of guilty and the sentence are

AFFIRMED.

KASTL, Senior Judge, and HEMINGWAY, Judge, concur.